UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPNEY WILLIAMS, on behalf of
himself and those similarly situated,

      Plaintiff,

v.                                                                CASE NO. 3:09-cv-00363-J-34JBT

UPRIGHT CONSTRUCTION, INC.,
a Florida corporation,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Motion for Entry of Default Final

Judgment ("Motion") (Doc. 22), which was referred to the undersigned on March 14,

2011.  The Motion was served on September 10, 2010.  (*See id.* at 9.)  On October

6, 2010, the Court entered an Order, extending Defendant's time to respond to the

Motion through October 29, 2010, and directing the Clerk of Court to mail a copy of

the Order to Defendant's address.  (Doc. 23.)  To date, Defendant has not filed a

response to the Motion.  Therefore, the Court will treat the Motion as unopposed.

In light of the foregoing and for the reasons that follow, the Court will recommend

that the Motion be **GRANTED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

## I.    Background

Plaintiff filed this lawsuit against Defendant on April 20, 2009, seeking unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).  (Doc. 1.)  On May 14, 2009, Plaintiff effected service of process on Defendant.  (Doc. 8.)  Defendant did not file an answer or otherwise appear in the instant case.  Accordingly, on July 16, 2009, Plaintiff moved for entry of a Clerk's default.  (Doc. 9.)  The Clerk of Court entered a default against Defendant on August 11, 2009.  (Doc. 10.)  Pursuant to Rule 55(b)(2), Plaintiff then filed a Motion for Final Default Judgment against Defendant on October 5, 2009.  (Doc. 11.)  On June 8, 2010, the Court entered an Order, denying that Motion without prejudice and dismissing the Complaint for failure to state a claim upon which relief can be granted.  (Doc. 14.)  The Court's Order provided that the dismissal was without prejudice to Plaintiff filing an amended complaint on or before June 17, 2010.  (*Id.*)

On June 8, 2010, Plaintiff filed an Amended Complaint (Doc. 15), which was timely served on Defendant on August 2, 2010 (*see* Docs. 18 & 19).   Since Defendant again did not file an answer or otherwise appear in this action, Plaintiff moved for entry of a Clerk's default on August 27, 2010.  (Doc. 20.)  On August 30, 2010, the Clerk of Court entered a default against Defendant on the Amended Complaint.  (Doc. 21.)  On September 10, 2010, Plaintiff filed the present Motion.  (Doc. 22.)

2

## II.    Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  *See* Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, then the court can enter a default judgment against the defendant for not appearing.  See Fed. R. Civ. P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  *See Nishimatsu Costr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).  A sufficient basis must exist in the pleadings for the judgment entered.  *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th

3

Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include  (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.   *See* Fed. R. Civ. P. 8(a).   A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.*  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 1951 (2009).  Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered.  *See Nishimatsu*, 515 F.2d at 1206.

### III.   Discussion

#### A.   Liability

4

Upon review of the Amended Complaint, the Court finds that a sufficient factual basis exists for a judgment to be entered.  To prevail on a claim for payment of overtime wages under the FLSA, Plaintiff must establish the following:

> (1) Plaintiff was employed by the Defendant during the time period involved;
>
> (2) Plaintiff was engaged in commerce or the production of goods for commerce or was employed by an enterprise engaged in commerce or the production of goods for commerce; and
>
> (3) Defendant failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instruction - Civil 1.7.1 (2005).

Although the Court previously found that Plaintiff's original "Complaint fail[ed] to contain well-plead allegations of fact required to state a claim for overtime compensation under the FLSA" (Doc. 14 at 8), the Amended Complaint corrects the deficiencies pointed out in the Court's June 8, 2010 Order.  The Amended Complaint provides in relevant part:

> 2.      Plaintiff . . . was a framer from March 2004 through January 2009, and performed related activities for Defendant in Nassau County, Florida.
> . . .
> 6.      At all material times relevant to this action (2006-2009), Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).
> 7.      At all material times relevant to this action (2006-2009), Defendant made gross earnings of at least $500,000.00 annually.
> 8.      At all material times relevant to this action (2006-2009), Defendant employed at least two employees who handled goods such as construction products, supplies, parts and equipment that previously moved through commerce.
> 9.      In addition, at all times material to this action, Defendants

5

employed two employees who regularly accepted contracts from national companies, were paid using funds from national credit companies, ordered materials from out-of state vendors, and paid for materials using funding from out of state credit companies several times per week.

10.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

11.     During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) within a work week during multiple weeks of employment with Defendant.

(Doc. 15.)

Based on these allegations, the Court determines that Plaintiff has provided a sufficient factual basis to support his claims that he worked for Defendant during the relevant time period, that Defendant was a covered employer under the FLSA based on enterprise coverage, and that Defendant failed to pay the overtime pay required by law.   Plaintiff has also sufficiently alleged a basis for the Court's jurisdiction and a demand for relief.  (*See id.*)  Because the Court must deem the well-pleaded allegations of the Amended Complaint as true, the Court finds that Plaintiff has established a claim for payment of overtime wages under the FLSA. Therefore, Plaintiff is entitled to a default judgment and the Court will now turn to the issue of damages.

### B.     Damages

Plaintiff seeks damages for unpaid overtime wages in the amount of $6,300.00

and liquidated damages in the amount of $6,300.00. The undersigned will recommend that Plaintiff be awarded these amounts.

It is an employee's burden to prove, "with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980), *implicitly overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988). "Inaccurate wage and hour information, however, is not always fatal to a claim for minimum wage or overtime compensation," and if "the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a 'sufficient basis' for damages." *Id.*

> In such a situation . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.* at 1352.

In the present case, there are no time records because, as alleged in Plaintiff's Amended Complaint, "the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control fo the Defendant" (Doc. 15, ¶ 12), and Defendant has made no

appearance in this case. Further, Plaintiff has specifically alleged that "Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff." (*Id.* at ¶ 17.)

Despite the lack of records, Plaintiff has shown that he performed work for which he was improperly compensated and he has shown the amount of that work. Specifically, Plaintiff's Affidavit provides that he "generally worked five (5) days per week and approximately fifty (50) hours per week," he "was paid $10.00 per hour for all hours worked," and he is "only claiming the period from April 20, 2006 through September of 2008 as overtime ceased after September 2008." (Doc. 22-1, ¶¶ 4-5.) Based on this Affidavit, Plaintiff's actual damages equal $6,300.00 (10 overtime hours per week x $5.00 half time hourly rate = $50.00 unpaid overtime per week x 126 weeks of employment = $6,300.00). In light of Defendant's failure to appear and come forward with evidence to rebut this amount and show the precise amount of work performed by Plaintiff, the Court determines that Plaintiff should be awarded the full amount of damages sought for unpaid overtime wages, which equals $6,300.00.

Plaintiff should also be awarded liquidated damages in the amount of $6,300.00. Under the FLSA, "if the employer shows to the satisfaction of the court that the act or omission giving rise to [the] action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], as amended, the court may, in its sound discretion, award no liquidated

8

damages or award any amount thereof not to exceed the amount specified in section 216." 29 U.S.C. § 260. "Even if the district court determines that the employer's actions were taken in good faith and based on reasonable grounds, the district court still retains the discretion to award liquidated damages." *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999).

In the present case, Plaintiff's Amended Complaint alleges that "[a]s a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages." (Doc. 15, ¶ 19; *see also id.* at ¶ 16.) Since Defendant has failed to appear and challenge Plaintiff's allegations, the Court finds that an award of liquidated damages in an amount equal to the amount of damages for unpaid overtime wages is appropriate in this case. Therefore, the undersigned will recommend that Plaintiff be awarded $12,600.00 for unpaid wages and liquidated damages.

### C.   Costs[2]

Plaintiff seeks costs in the amount of $465.00, which represents $350.00 for the filing fee and $115.00 for service of process. (Doc. 22 at 7-8; Doc. 22-3 at 2-3.) As such costs are authorized by statute, *see* 29 U.S.C. § 216(b); *see also* 28 U.S.C. § 1920 (stating that filing fees and service fees are recoverable), the full amount of

---

[2] The Motion provides that although 29 U.S.C. § 216(b) authorizes an award of attorney's fees and costs to a prevailing plaintiff, Plaintiff's counsel is waiving recovery of all attorney's fees in this matter and is only seeking costs. (Doc. 22 at 7-8.) Since this case is decided on a motion for default judgment, the Court finds it appropriate to accept counsel's waiver and not include an award of attorney's fees in the judgment.

these costs is due to be awarded to Plaintiff.

## IV.   Conclusion

Based on the foregoing, the undersigned recommends that Plaintiff be awarded the following: damages for unpaid overtime wages in the amount of $6,300.00; liquidated damages in the amount of $6,300; and costs in the amount of $465.00.

Accordingly, it is respectfully **RECOMMENDED** that:

1.     The Motion (**Doc. 22**) be **GRANTED**.

2.     The Clerk of Court be **DIRECTED** to enter judgment in favor of Plaintiff Stepney Williams and against Defendant Upright Construction, Inc., for the sum of Thirteen Thousand and Sixty-Five Dollars and No Cents ($13,065.00), terminate any pending motions, and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on March 24, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Any Unrepresented Party

Counsel of Record